ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Plaintiff-appellant John D. Elridge ("Elridge") appeals from a decision of the Common Pleas Court that granted defendants-appellees City of Cleveland's ("Cleveland" or "the City") and Joseph S. Markey's ("Officer Markey") (collectively "defendants") motion for summary judgment. Upon review, we conclude that there are no genuine issues of material fact and that defendants are entitled to judgment as a matter of law on Elridge's claims. Accordingly, we affirm the trial court's decision.
 {¶ 3} A review of the record reveals the following facts: On May 11, 2001, Elridge was injured when the car in which he was driving was struck by a police cruiser operated by Cleveland Police Officer Joseph Markey.
 {¶ 4} On December 20, 2002, Elridge filed this complaint against Cleveland and Officer Markey alleging that Officer Markey's operation of his police cruiser rose to the level of willful and wanton misconduct.[1] On September 8, 2003, defendants filed a motion for summary judgment claiming that the City and Officer Markey were immune under R.C. 2744 because Officer Markey was on an emergency call at the time of the accident.
 {¶ 5} On October 17, 2002, the trial court granted defendants' motion for summary judgment. It is from this decision that Elridge now appeals and raises one assignment of error for our review.
 {¶ 6} "I. The trial court erred in granting defendant City of Cleveland and Joseph S. Markey's motion for summary judgment when an issue of material fact existed as to whether appellee Markey while employed by the City of Cleveland acted willfully, wantonly, and recklessly in choosing to respond to an emergency call in the manner in which he did."
 {¶ 7} In this assignment of error, Elridge claims that the trial court erred in granting summary judgment in favor of the defendants because there is a question as to whether the defendants' conduct was willful and wanton so as to exempt them from immunity under R.C. 2744. Specifically, Elridge claims that Officer Markey was traveling at an excessive rate of speed and failed to use his siren. Defendants maintain that Elridge has not provided any evidence to support these allegations and that the deposition testimony of an alleged witness may not be utilized by this Court since it was not considered by the trial court.[2]
 {¶ 8} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland CitySchools (1997), 122 Ohio App.3d 378, citing Dupler v. MansfieldJournal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 9} Summary judgment is appropriate where it appears that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis DayWarehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
 {¶ 10} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 11} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in the defendants' favor was appropriate.
 {¶ 12} Elridge's complaint alleges that the defendants are liable for his injuries because the accident was a result of Officer Markey's willful and wanton misconduct in the operation of his police cruiser. As a general rule, a political subdivision is not liable for injury to persons incurred in connection with the performance of a governmental or proprietary function of that political subdivision. R.C. 2744.02(A)(1); Jones v. Shelly Co.
(1995), 106 Ohio App.3d 440, 445. Indeed, R.C. 2744.02(B)(1)(a) specifically provides immunity to a police officer who is responding to "an emergency call" so long as the officer's operation of the vehicle does not constitute "willful or wanton misconduct." Rahn v. Whitehall (1989), 62 Ohio App.3d 62,65-66; Pearson v. City of South Euclid (Oct. 8, 1998), Cuyahoga App. No. 73429.
 {¶ 13} Here, in support of their motion for summary judgment, defendants submitted the deposition testimony of Officer Markey. Officer Markey testified that on the evening of May 11, 2001, he received an emergency call to investigate a residential hold-up alarm and turned on the police cruiser's lights and siren. Officer Markey further testified that immediately prior to entering the intersection, he saw the driver of a maroon car, Tanisha Jackson, yield to his police cruiser and pull to the curb.
 {¶ 14} In opposition to the motion for summary judgment, Elridge asserted that the defendants are not entitled to summary judgment because a genuine issue of material fact existed as to whether Officer Markey was traveling at an excessive rate of speed at the time he entered the intersection and whether he had his siren on. Elridge did not support his brief in opposition with any evidentiary materials. Indeed, although Elridge makes reference in his brief to the deposition testimony of Tanisha Jackson, who stated that Officer Markey did not have his siren on at the time of the accident, such transcript was not filed with the trial court until seven days after the trial court journalized its decision granting defendants' motion for summary judgment.
 {¶ 15} A claim under R.C. 2744.03(A)(6)(b) requires the plaintiff to prove that the police officer's conduct was wanton, willful or reckless. Ibid. Thus, once the defendants pointed to evidence that Officer Markey was on an emergency call and operating his siren and overhead lights at the time of the accident, the burden shifted to Elridge to point to evidence that a genuine issue of material fact existed. In order to meet this burden, Elridge would have to establish that a genuine issue of material fact existed as to whether Officer Markey was using excessive speed or warning devices at the time he entered into the intersection. Elridge failed to do so. In fact, as previously noted, Elridge did not support his brief in opposition with any evidentiary materials.
 {¶ 16} Because Elridge failed to point to evidence that a genuine issue of fact existed as to whether Officer Markey was operating his police cruiser in a willful and wanton manner at the time of the accident, he failed to meet his burden under Civ.R. 56. Although Elridge relies on the deposition testimony of Tanisha Jackson to create an issue of fact as to whether Officer Markey used his siren at the time of the accident, such evidence was not before the trial court. Since this Court is not permitted to add evidence to the record and is strictly bound by the record before us, we cannot consider such testimony in making our determination. Colbert v. City of Cleveland (Dec. 13, 2001), Cuyahoga App. No. 77635, citing State v. Ishmail (1978),54 Ohio St.2d 402.
 {¶ 17} Elridge's sole assignment of error is overruled.
Judgment affirmed.
Karpinski, J., and Rocco, J., Concur.
[1] Elridge filed two other complaints for personal injuries arising out of the May 2001 car accident prior to the complaint presently before the court. However, both of these complaints were voluntarily dismissed under Civ.R. 41(A).
[2] The deposition testimony of Tanisha Jackson, stating that Officer Markey did not have his siren on at the time of the accident, was filed seven days after the trial court journalized its decision granting defendants' motion for summary judgment.