DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff Sharon K. Griffith has appealed from the order of the Summit County Common Pleas Court denying her motion for a new trial. This Court affirms.
 I {¶ 2} Ms. Griffith was a passenger in a minivan driven by her husband when it collided with a car driven by defendant Shirley C. Veale. According to her husband, son, and daughter, Ms. Griffith lost consciousness immediately after the collision. She was conscious, however, when emergency medical personnel arrived at the scene and complained to them about numbness in her left arm, as well as neck and back pain. At some point while she was being attended by the emergency medical personnel, she lost consciousness or fainted for approximately 30 seconds. The emergency medical personnel put a cervical collar on her and took her to Akron General Medical Center. *Page 2 
 {¶ 3} At the hospital, Ms. Griffith again complained about numbness in her left arm. She was admitted and spent four days in the hospital, complaining about fainting, back pain, leg pain, and left arm numbness.
 {¶ 4} Over the next 3½ years, Ms. Griffith was treated by a physiatrist, a chiropractor, and a neurologist, as well as by her primary care physician, for conditions allegedly related to the automobile collision. Those conditions included traumatic brain injury, an abrasion of the right side of her scalp, weakness of the left shoulder and left hand, aggravation of a previous lumbar spinal stenosis, and neck pain.
 {¶ 5} Ms. Griffith and her husband sued Ms. Veale for Ms. Griffith's alleged injuries and her husband's alleged loss of consortium. Ms. Veale conceded liability for any damages caused by the collision. The jury before whom this matter was tried returned a verdict awarding Ms. Griffith no damages, and she and her husband moved for a new trial under Rule 59(A)(6) of the Ohio Rules of Civil Procedure, arguing that the jury's verdict was against the manifest weight of the evidence. The trial court denied their motion, and they have appealed to this Court.
 II Assignment of Error "The Trial Court abused its discretion in denying Appellants' Motion for New Trial where Appellee's and Appellants' experts testified that Appellant sustained injuries as a proximate result of Appellee's negligence and where Appellants' medical records also provided unrefuted evidence that she sustained injuries."
 {¶ 6} In their sole assignment of error, the Griffiths argue that the trial court incorrectly denied their motion for a new trial. We disagree.
 {¶ 7} "When an appellate court reviews the grant or denial of a motion for a new trial as against the weight of the evidence, the appellate court does not directly review whether the judgment was against the manifest weight of the evidence." Brown v. Mariano, 9th Dist. *Page 3 
No. 05CA008820, 2006-Ohio-6671, at ¶ 5 (quoting Snyder v. Singer, 9th Dist. No. 99CA0020, 2000 WL 631981, at *3 (May 17, 2000)). Rather, this Court "reviews the [trial] court's decision on that matter for an abuse of discretion." Id. This Court recently described the trial court's function in determining whether to grant a motion for new trial based on the weight of the evidence:
 A trial judge should "abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." "[I]t is the function of the jury to assess the damages, and generally, it is not for a trial or appellate court to substitute its judgment for that of the trier-of-fact." "Where a verdict is supported by competent substantial and apparently credible evidence, a motion for new trial will be denied."
Petryszak v. Greegor, 9th Dist. No. 07CA0076, 2008-Ohio-4776 at ¶ 8
(citations omitted).
 {¶ 8} In denying Ms. Griffith's motion for a new trial, the trial court wrote that "[t]he sole question put to the jury was what, if any, of Plaintiff s injuries were proximately caused by Defendant's negligence." It noted that, although Ms. Veale "did not refute Plaintiffs claim that she suffered some injury as a result of the accident," the jury was still entitled to completely reject the Griffiths' claim: "Negligence may occur without causing any personal injuries."
 {¶ 9} The trial court recited some of the evidence the Griffiths presented in support of Ms. Griffith's claimed injuries. It also noted, however, that, while a neurologist who testified on behalf of Ms. Veale acknowledged that Ms. Griffith had "probably suffered some soft tissue injury" in the collision, he "could find nothing at all with this lady objectively that [he] felt was related to this accident." It further noted that a psychologist who testified on behalf of Ms. Veale opined that Ms. Griffith had "intentionally produced false or exaggerated symptoms — exaggerating her head injury and the impact on her functional abilities." The court pointed out that, according to the defense psychologist, Ms. Griffith's scores on tests administered to her "were consistent with a severe dementia functioning level, which obviously put them in doubt." *Page 4 
 {¶ 10} The trial court also noted that, while Ms. Griffith claimed very limited ability to use her left arm and hand, Ms. Veale presented a surveillance video that contradicted Ms. Griffith's claim. "It showed Plaintiff carrying packages, getting into the driver's seat of a car without any help, pulling her seat belt on, shutting the car door — all activities that she claimed she could not do as a result of the injuries she received from the accident."
 {¶ 11} The trial court, in its opinion, concluded that "there was competent, credible evidence presented to the jury which supports its finding that Plaintiff was not injured in the accident." Inasmuch as it supported that conclusion by reciting evidence in the record tending to prove that Ms. Griffith's claimed injuries were non-existent, this Court cannot conclude that it abused its discretion by denying her motion for a new trial. Ms. Griffith's assignment of error is overruled.
 III {¶ 12} Ms. Griffith's assignment of error is overruled. The judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the *Page 5 
period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. Costs taxed to appellants.
SLABY, P. J. WHITMORE, J. CONCUR