[Cite as *Wholesale Builders Supply, Inc. v. Green-Source Dev., L.L.C.*, 2013-Ohio-5129.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99711**

# WHOLESALE BUILDERS SUPPLY, INC.

PLAINTIFF-APPELLEE

vs.

# GREEN-SOURCE DEVELOPMENT, L.L.C., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-778003

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANTS**

Robert N. Stein
1450 Rockefeller Building
614 Superior Avenue, NW
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

James D. Wilson
Aanchal Soni
James D. Wilson, L.L.C.
29225 Chagrin Boulevard, Suite 350
Cleveland, Ohio 44122

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendants-appellants Green Building Technology, L.L.C.[1] ("Green") and John A. Pumper ("Pumper") (collectively referred to as "appellants") appeal from an order granting summary judgment in favor of plaintiff-appellee Wholesale Builders Supply Inc. ("Wholesale"). We find no merit to the appeal and affirm.

**{¶2}** In February 2008, Pumper executed a credit application on behalf of Green to obtain credit for the purchase of goods from Wholesale. The credit application, which Pumper signed as Green's principal, stated in relevant part:

> CUSTOMER AGREES TO PAY FINANCE CHARGE AT THE RATE OF 18% PER ANNUM ON PAST DUE INVOICES. CUSTOMER AGREES TO PAY FEE[S], INCLUDING ATTORNEY FEES, FOR COLLECTION OF DELINQUENT ACCOUNTS. BY SIGNING THIS AGREEMENT YOU ARE BOTH PERSONALLY AND CORPORATELY LIABLE FOR THE TOTAL OF PURCHASES BY YOU OR ANYONE DESIGNATED TO SIGN FOR YOUR PURCHASES ON YOUR ACCOUNT.

Pursuant to the credit agreement, Green Source ordered and received goods and Wholesale issued invoices.

**{¶3}** After Green failed to pay some of the invoices, Wholesale filed a complaint for breach of contract against Green and Pumper to collect the unpaid balance on Green's account. The complaint included a separate claim against Pumper, individually, alleging personal liability based on a guaranty.

---

[1] Green Building Technology was previously known as Green Source Products, L.L.C. Green Source Products, L.L.C. changed its name to Green Building Technology, L.L.C. in March 2012. For simplicity, we refer to both names as Green where appropriate.

**{¶4}** Wholesale filed a motion for summary judgment on its claims. In support of the motion, Wholesale submitted an affidavit from Lynne Bateson ("Bateson"), Wholesale's credit manager, in which she states that Green had an unpaid balance of $28,534.85. Wholesale also submitted the transcript of Pumper's deposition in which he admits signing the credit application and identifies several invoices.

**{¶5}** Appellants opposed Wholesale's motion, arguing that Wholesale failed to support its motion with the type of evidence required by Civ.R. 56(C). Nevertheless, based on the evidence in the record, the trial court granted Wholesale's motion and entered judgment in favor of Wholesale and against Green and Pumper, jointly and severally, in the principal amount of $28,534.85, plus interest and costs. Appellants now appeal and raise two assignments of error.

### Standard of Review

**{¶6}** We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact as to the essential element of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence related to any issue on which the party bears the burden of production at trial. *See* Civ.R. 56(E). Summary judgment is appropriate when, after construing the evidence in a light most favorable to the party

against whom the motion is made, reasonable minds can only reach a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998).

**Evidence in Support of Summary Judgment**

{¶7} In the first assignment of error, appellants argue the trial court erred in granting Wholesale's motion for summary judgment because its motion was not supported by the kind of evidence required under Civ.R. 56. They contend the court improperly considered selected, unauthenticated pages from Pumper's deposition transcript and accompanying exhibits. They also assert Bateson's affidavit was inadmissible.

{¶8} Civ.R. 56(C) specifies the types of evidence a party may use to support a motion for summary judgment and states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶9} Thus, Civ.R. 56(C) authorizes the use of depositions to support or oppose a motion for summary judgment. However, before a deposition may be considered as "legally acceptable evidence for summary judgment purposes", (1) the deposition must be filed with the court or otherwise authenticated, (2) the deponent must sign the deposition or waive signature, and (3) there must be a certification by the officer before whom the

deposition is taken. *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 35.

{¶10} In support of its motion for summary judgment, Wholesale submitted Bateson's affidavit and copies of certain pages from Pumper's deposition transcript along with copies of the exhibits. Wholesale subsequently filed a complete copy of the deposition transcript, which was certified by the court reporter. The court reporter also marked the credit application and invoice statements as exhibits.

{¶11} Although Pumper did not sign the deposition transcript, Civ.R. 30(E) provides that when the deponent fails to read, sign, or makes changes to a deposition transcript within 30 days from the date the court reporter notifies the deponent that a party has requested a copy, the deponent is deemed to have waived signature. Civ.R. 30(E). Therefore, the filed deposition transcript and exhibits are admissible under Civ.R. 56(C).

{¶12} Appellants also argue the documents referenced in Bateson's affidavit are inadmissible because she failed to authenticate them in any fashion. However, Bateson did not attach copies of these documents to the affidavit but mentions facts related to them. She also testifies that all the statements in her affidavit are based on personal knowledge.

{¶13} Civ.R. 56(E) requires that affidavits supporting motions for summary judgment be made on personal knowledge. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707. "'Personal knowledge' is 'knowledge gained through firsthand observation or experience, as distinguished from a

belief based on what someone else has said.'" *Id.*, quoting *Black's Law Dictionary* 875 (7th Ed.Rev.1999), citing Weissenberger, *Evidence*, Section 602.1, at 213 (2002). A trial court has wide discretion to determine whether a witness has sufficient personal knowledge to testify competently. *Starinchak v. Sapp*, 10th Dist. Franklin No. 04AP-484, 2005-Ohio-2715, ¶ 27.

{¶14} Here, Bateson not only identifies herself as Wholesale's credit manager, she also states that her responsibilities include managing credit transactions. These facts support the basis for her claim that she has personal knowledge of Green's account, including the terms of the parties' agreement, unpaid invoices, and the amount of Green's outstanding balance. It is reasonable to conclude that the statements in her affidavit are based upon her personal knowledge of Green Source's account.

{¶15} The trial court properly relied on Bateson's affidavit and the certified copy of Pumper's deposition and exhibits when it granted summary judgment in Wholesale's favor.

{¶16} Accordingly, we overrule the first assignment of error.

**Personal Guaranty**

{¶17} In the second assignment of error, appellants argue there was no evidence establishing that Pumper was a personal guarantor on Green's account with Wholesale. They also contend Pumper never agreed to personally guarantee Green's debt to Wholesale.

**{¶18}** However, Pumper admitted at his deposition that he signed the credit application and that it contained personal guaranty language. When asked if he signed the credit agreement, the following dialogue ensued:

A: I did sign it.

Q: You didn't mean it when you signed it?

A: It's a typical thing just sign the doggone form there because they wanted a credit app.

\*     \*     \*

Q: So you don't –

A: I signed it.

\*     \*     \*

Q: Do you see the sentence just down from the same sentence, if you follow me, says, "By signing this agreement you are both personally and corporately liable for the total purchases you and anyone designated to sign for your purchases on your account?" Do you see that?

A: Yes.

Pumper admitted at his deposition that he signed the credit application and thereby agreed to be personally liable for Green's purchases. As previously explained, Pumper's deposition was properly authenticated and filed with the court as required by the civil rules and was admissible. Therefore, we concur with the trial court's finding that Pumper agreed to be personally liable for Green's purchases.

**{¶19}** The second assignment of error is overruled.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
TIM McCORMACK, J., CONCUR