[Cite as *Taylor v. Taylor*, 2014-Ohio-1450.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| CLARA TAYLOR | : | |
| | : | Appellate Case No. 2013-CA-43 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2012-CV-795 |
| v. | : | |
| | : | |
| SUSAN M. TAYLOR | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of April, 2014.

. . . . . . . . . .

THOMAS J. BUECKER, Atty. Reg. No. 0020487, 306 West High Street, P.O. Box 1215, Piqua, Ohio 45356
 Attorney for Plaintiff-Appellant

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, 123 Market Street, P.O. Box 910, Piqua, Ohio 45356
 Attorney for Defendant-Appellee

. . . . . . . . . . . .

WELBAUM, J.

 {¶ 1} In this case, we are asked to decide whether the trial court erred when it

granted summary judgment and dismissed a complaint seeking payment on an alleged debt. We find that, under the circumstances of this case, the trial court did not err in granting summary judgment and dismissing the complaint. Accordingly, the judgment of the trial court will be affirmed.

## I.  FACTS AND COURSE OF PROCEEDINGS

{¶ 2}     Plaintiff-Appellant, Clara Taylor, brought this action against her former daughter-in-law, Defendant-Appellee, Susan M. Taylor.[1]  Clara sought a judgment in the trial court against Susan in the amount of $32,680.19, as repayment for bills that Clara allegedly paid directly to creditors of her son, Larry, and his former wife, Susan, during their marriage.

{¶ 3}     In consideration for these payments, Larry signed a promissory note payable to Clara. *See* Doc. #8, Exhibit A, p.7.  However, Susan filed an un-refuted affidavit in support of summary judgment, which stated the following facts.  First, Susan was not present at any meetings when Clara and Larry discussed Clara's payment of the bills. In addition, while Susan was aware of the payments after Clara made them, Susan never asked Clara to pay any bills on her behalf, and she never agreed to repay any money to Clara.

{¶ 4}     After considering the evidence, the trial court granted summary judgment in favor of Susan.  The court noted in passing that the trial court in the divorce decision had previously found that the money provided by Clara Taylor was " 'not a marital debt' " because Susan could not be obligated to " 'pay for monies advanced that she did not know about or agree to, prior to its occurrence.' "  Trial Court Doc. #10, p. 3, quoting Decision, *Taylor v. Taylor*,

---

[1] For purposes of convenience, we will refer to the parties by their first names.

Miami C.P. Case No. 11DR296, Exhibit to Motion for Summary Judgment, Trial Court Doc. #8, Exhibit B, pp. 6-7. The Decision in the divorce action stated that Larry's mother (Clara) testified concerning the loan. *Id.*

**{¶ 5}** Clara claims that the trial court erred in granting summary judgment and dismissing her complaint. We disagree, and affirm.

## II.  ASSIGNMENT OF ERROR

**{¶ 6}** Clara's sole assignment of error states that:

The trial court committed prejudicial and reversible error when it granted Appellee's Motion for Summary Judgment on Count One given there are genuine issues of factual dispute in the record and the Appellee is not entitled to judgment as a matter of law.

### A.  LEGAL ANALYSIS

**{¶ 7}** Initially, we note that we review a summary judgment de novo, by independently assessing the judgment without deference to the trial court's determination. *Koos v. Cent. Ohio Cellular, Inc.,* 94 Ohio App.3d 579, 588, 641 N.E.2d 265 (8th Dist.1994), citing *Brown v. Scioto Cty. Bd. of Commrs.,* 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993). "As a result, this court applies the same summary judgment standard as the trial court and must affirm the trial court's judgment if any valid grounds are found on appeal to support it * * * ." *Coventry Twp. v. Ecker,* 101 Ohio App.3d 38, 41-42, 654 N.E.2d 1327 (9th Dist.1995).

**{¶ 8}** Pursuant to Civ.R. 56(C):

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

{¶ 9} Accordingly, summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party. *Murphy v. Reynoldsburg,* 65 Ohio St.3d 356, 358-59, 604 N.E.2d 138 (1992), citing *Norris v. Ohio Std. Oil Co.,* 70 Ohio St.2d 1, 2, 433 N.E.2d 615 (1982).

{¶ 10} When a party moves for summary judgment on the ground that the non-moving party cannot prove its case, the movant "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). "[I]f the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." *Id*. at 293-294.

**{¶ 11}** In arguing that summary judgment was not warranted, Clara relied on portions of an apparent transcript of testimony of an unidentified witness that was attached to her memorandum in opposition to the motion for summary judgment . At the top of the first page of the alleged transcript, the following is written in cursive: "Transcript of the trial in Taylor v. Taylor, 11 DR 296." However, the trial court noted that no such transcript had been filed in the case before it. The court, therefore, declined to consider the evidence because it did not comply with Civil Rule 56(C), which requires that a transcript must be filed in the case when the court decides a motion for summary judgment. *See* Doc. #10, pp. 2-3.

**{¶ 12}** The trial court was correct in holding that the form of Clara's document did not satisfy the requirements of Civ.R. 56. Specifically, a transcript must be filed or must be otherwise authenticated. *See, e.g.*, *Wholesale Builders Supply Inc. v. Greene-Source Dev., L.L.C.,* 8th Dist. Cuyahoga No. 99711, 2013-Ohio-5129, ¶ 9; *Gordon v. Dziak*, 8th Dist. Cuyahoga No. 88882, 2008-Ohio-570, ¶ 19, fn. 4; and *Elridge v. City of Cleveland*, 8th Dist. Cuyahoga No. 83776, 2004-Ohio-3604, ¶16. Materials must comply with Civ.R.56(C) or (E) to be considered as evidence when the court decides a summary judgment motion.

**{¶ 13}** In this regard, we have explained that under Civ.R. 56(E):

"When a motion for summary judgment is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule,* must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." (Emphasis sic.) *Deutsche Bank Trust Co. v. Ziegler*, 2d Dist. Montgomery No. 25744, 2014-Ohio-471, ¶ 17.

{¶ 14}    As an additional matter, we note that Clara has attached the same unfiled transcript to her brief.   We cannot consider matters that are not part of the record before the trial court, and then decide the appeal on the basis of the new matter.   *Cincinnati Ins. v. Jacob*, 2d Dist. Montgomery No. 25407, 2013-Ohio-2573, ¶ 13, citing *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), syllabus.   *See, also*, *Phung v. Waste Management, Inc.*, 23 Ohio St.3d 100, 102, 491 N.E.2d 1114 (1986) (noting that appellate courts "may not assume as true or even consider facts alleged in a party's brief or attachments thereto.") (Citation omitted.)

{¶ 15}    Notably, Susan's factual assertions in support of her summary judgment motion were undisputed.   These materials indicate that Susan did not participate in any discussions with Clara about paying their family's bills.   Susan also did not agree to a loan, nor did she agree to repay the expenditures.   In addition, Susan had no knowledge of Clara's payments until after the fact.   Accordingly, the trial court did not err in granting summary judgment in Susan's favor. Clara's sole assignment of error, therefore, is overruled.

### III.   Conclusion

{¶ 16}    Clara's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and HALL, J.,    concur.

Copies mailed to:

Thomas J. Buecker
Frank J. Patrizio
Hon. Christopher Gee