[Cite as *Taylor v. Taylor*, 2015-Ohio-353.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| CLARA TAYLOR | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 2014-CA-16 |
| | : | |
| v. | : | T.C. NO. 12-795 |
| | : | |
| SUSAN M. TAYLOR | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ___30th___ day of ____January____, 2015.

. . . . . . . . . . .

JEFFREY D. SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite #5, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellant

FRANK J. PATRIZIO, Atty. Reg. No. 0055468, 123 Market Street, P. O. Box 910, Piqua, Ohio 45356
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

FROELICH, P.J.

{¶ 1} Clara Taylor appeals from a judgment of the Court of Common Pleas of Miami County, which found that a lawsuit she filed against Susan Taylor was frivolous and awarded Susan attorney fees in the amount of $1,896.[1]

---

[1] In the interest of clarity, we will refer to the parties by their first names, rather than their surnames.

{¶ 2} Susan is Clara's former daughter-in-law; Susan was married to Clara's son, Larry. Susan and Larry divorced in August 2012.[2] While the divorce was pending, Clara loaned money to Larry, for which she was not repaid.

{¶ 3} In the divorce decree, the trial court found that the loan from Clara was not a marital debt, and the debt was assigned to Larry. Although Larry appealed from the Final Judgment and Decree of Divorce, he did not raise an assignment of error with respect to the handling of the loan from Clara. We affirmed the trial court's judgment on appeal. *Taylor v. Taylor*, 2d Dist. Miami No. 2012-CA-16, 2013-Ohio-2341.

{¶ 4} In December 2012, Clara filed a complaint against Susan seeking to collect on the loan; Larry was not named in the complaint. Susan filed an answer and a motion for summary judgment. Clara attached to her memorandum in opposition to summary judgment a partial transcript of a hearing in the divorce proceedings, at which Clara and Susan had apparently testified about the loan. The trial court refused to consider this document, noting that it was "a limited selection which [did] not explicitly demonstrate the identity of the witness(es)"; it also was not certified by the court reporter. In October 2013, the trial court entered summary judgment in favor of Susan and dismissed the complaint with prejudice, at Clara's cost. Clara appealed, and we affirmed the trial court's grant of summary judgment on Susan's liability for the loan. *Taylor v. Taylor*, 2d Dist. Miami No. 2013-CA-43, 2014-Ohio-1450.

{¶ 5} In November 2013, Susan filed a motion in the trial court for attorney fees, alleging that Clara's lawsuit had been frivolous. After a hearing, the trial court found that Clara's action against Susan had, in fact, amounted to frivolous conduct. It awarded Susan

---

[2] Larry and Susan had previously been married, divorced, and remarried. All references to their divorce in this opinion refer to the 2012 divorce.

$1,896 in attorney fees, based on evidence Susan presented about the cost of defending the lawsuit.

**{¶ 6}** Clara appeals, raising two assignments of error. The assignments allege that the trial court erred in finding that Clara's lawsuit had been frivolous and in awarding a specific amount of attorney fees to Susan.

**{¶ 7}** We begin by addressing Clara's first argument: that the trial court erred in finding that her lawsuit constituted frivolous conduct, as defined in R.C. 2323.51.

**{¶ 8}** R.C. 2323.51(B) provides for an award of attorney fees and other costs when an adverse party in a civil action has engaged in frivolous conduct. R.C. 2323.51(A)(2) defines "frivolous conduct," in pertinent part, as follows:

(a) Conduct of an inmate or other party to a civil action, * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further

investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

**{¶ 9}** Susan did not identify a specific subsection of R.C. 2929.51(A)(2) in her motion, but the trial court concluded that her argument "clearly f[ell] within [R.C.] 2323.51(A)(2)(a)(iii) for factual contentions that 'have no evidentiary support.'"

**{¶ 10}** "Whether particular conduct is frivolous may be either a factual or a legal determination. * * * A trial court's factual finding that a party's conduct was [or was not] frivolous will not be disturbed where the record contains competent, credible evidence to support the court's determination. * * * In contrast, whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, which is reviewed de novo." *Swartz v. Hendrix*, 2d Dist. Darke No. 2010-CA-18, 2011-Ohio-3422, ¶ 22, citing *Foland v. Englewood,* 2d Dist. Montgomery No. 22940, 2010-Ohio-1905, ¶ 32.

**{¶ 11}** The evidence presented in this case involved a factual determination whether Clara's conduct in filing suit against Susan to collect on the loan was frivolous. Thus, we must determine whether competent, credible evidence supports the trial court's decision.

**{¶ 12}** The following evidence was presented at the hearing:

**{¶ 13}** Clara's complaint against Susan alleged that she (Clara) had loaned Susan and Larry $32,680.19 "during the year 2011-2012 * * * to cover their living expenses, farm expenses, and to pay marital debts owed by the parties, including credit cards of the Defendant [Susan]." It was undisputed in the affidavits and answers to interrogatories

offered in accordance with Civ.R. 56(C) that Susan had not been present when the money in question was given to Larry or was paid on his behalf, she had not known about the loan, and she had not agreed to repay the money. Nonetheless, Clara asserted that "all payments were in the joint behalf of the parties" (referring to Susan and Larry). Clara admitted that she did not have a signed note from Susan obligating her to repay the loan, although a promissory note from Larry was presented.

{¶ 14} In Larry and Susan's divorce decree, under the section entitled "Obligations to the Plaintiff's [Larry's] Mother," the court stated:

The Plaintiff's mother testified she paid $32,000 on behalf of the Plaintiff and Defendant, for various bills. Whether she did or did not misses the point. The Defendant testified she was not present when the Plaintiff and his mother discussed the payments. The Court finds this was not a marital debt because the Plaintiff [Larry] cannot obligate the Defendant [Susan] to pay for monies advanced that she [Susan] did not know about or agree to, prior to its occurrence.

Additionally, the court found that Larry was "voluntarily underemployed and committed financial misconduct," including having disposed of $40,000 to $50,000 in farm income from 2011 without accounting for it and without sharing it with Susan. The court awarded more than half of the marital assets to Susan, including the entire farm; the court found that this distribution, while "not equal," was equitable. Although these factors were not directly at issue in this case, they demonstrate the trial court's implicit determination in the divorce proceedings that Larry had not used the funds for marital expenses and/or did not share or consult with Susan about the funds.

{¶ 15} Subsequent to this determination, Clara filed the complaint against Susan. On appeal from the trial court's summary judgment on Clara's claim, we affirmed the trial court's judgment that there was no genuine issue of material fact that Susan was obligated to repay the loan. (We also noted that the court acted properly in its refusal to consider the partial transcript attached to Clara's memorandum in opposition to summary judgment.)

{¶ 16} On appeal from the trial court's finding of frivolous conduct, Clara argues that Susan was a "third party beneficiary" of the loan, citing her own testimony from the hearing in this case that Susan benefitted from the manner in which the money was spent and that Susan should be responsible for 50% of marital debts. This argument is based on a theory of unjust enrichment, which Clara did not raise in her complaint and cannot assert for the first time on appeal. This argument also ignores two important facts: the trial court already determined, in the divorce proceedings, that the loan was not a marital debt and granted summary judgment on Clara's subsequently-filed claim against Susan, and we affirmed each of these judgments on appeal. These questions are not currently before this court.

{¶ 17} Prior to awarding damages under R.C. 2323.51, a trial court must hold a hearing to determine (1) whether particular conduct was frivolous, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of that award. R.C. 2323.51(B)(2)(a); *Namenyi v. Tomasello*, 2d Dist. Greene No. 2013-CA-75, 2014-Ohio-4509, ¶ 16. The finding of frivolous conduct under R.C. 2323.51 is determined without reference to what the individual knew or believed. *Id.*; *Mitchell v. Mid-Ohio Emergency Servs., L.L.C.,* 10th Dist. Franklin No. 10AP-374, 2010-Ohio-6350, ¶ 25.

{¶ 18} The party seeking sanctions under R.C. 2323.51 bears the burden of establishing the costs incurred in connection with the frivolous conduct and reasonable attorney fees that it incurred. A party who may be awarded reasonable attorney fees may submit an itemized list of the legal services rendered, the time expended in rendering the services, and the fees associated with those services. R.C. 2323.51(B)(5)(a); *Foland v. Englewood*, 2d Dist. Montgomery No. 22940, 2010-Ohio-1905, ¶ 66.

{¶ 19} After the hearing on Susan's request for attorney fees based on frivolous conduct, the trial court reiterated that "there were no facts to support a claim that Susan was a party to the loan" and that "Clara failed to produce *any* evidence that would create an issue of fact there was a loan by Clara to Susan." (Emphasis sic.) The court also reiterated the finding in the divorce proceedings that the loan was not a marital debt, and it observed that Larry's attorney in the divorce was the same attorney who had filed the current lawsuit on Clara's behalf, so that the attorney "was at least aware" of the prior adverse findings. The court observed that, in opposing the motion for summary judgment, Clara had attempted to rely upon her own testimony in the divorce proceeding, which, even if it were properly submitted for consideration, "failed to show any prior agreement by Susan to repay Clara." "Even during the hearing on the motion for attorney fees, in the face of Susan's testimony that she knew nothing about a loan, Clara made no attempt to establish a factual basis for the contention that Susan was a party to a loan."

{¶ 20} The court found that Clara's contention that Susan was a party to the loan lacked any evidentiary support and amounted to frivolous conduct under R.C. 2323.51(A)(2)(a)(iii). Based on the evidence presented regarding the circumstances surrounding the creation of the loan and the previous judicial determination in the divorce

-8-

proceedings that the loan was not a marital debt, the trial court did not abuse its discretion in concluding that the filing of Clara's complaint against Susan had amounted to frivolous conduct under R.C. 2323.51(A)(2)(a)(iii) (no evidentiary support).

{¶ 21} At the hearing, Susan also presented an itemized bill from her attorney, which detailed 7.9 hours of work between the filing of Clara's complaint and the trial court's decision on her motion for summary judgment, and including some discussions about the appeal. This time was billed at $240 per hour. Susan presented expert testimony from another Miami County practitioner that the fees charged in this case were "more than reasonable," both in the amount of time expended and the hourly rate charged. He also testified that he would normally charge a $2,500 retainer for any case involving common pleas court litigation. Based on this evidence, the trial court did not abuse its discretion in concluding that the amount of attorney fees requested was reasonable.

{¶ 22} The assignments of error are overruled.

{¶ 23} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Jeffrey D. Slyman
Frank J. Patrizio
Hon. Christopher Gee