[Cite as *Swartz v. Hendrix*, 2011-Ohio-3422.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE COUNTY

TAMARA SWARTZ, et al.

      Plaintiff-Appellants

v.

DAVID HENDRIX, et al.

      Defendant-Appellees


Appellate Case No. 2010-CA-18

Trial Court Case No. 09-CR-592

(Civil Appeal from
 Common Pleas Court)

. . . . . . . . . . .

## O P I N I O N

Rendered on the 8th day of July, 2011.

. . . . . . . . . . .

DOUGLAS D. BRANNON, Atty. Reg. #0076603, Brannon & Associates, 130 West Second Street, Suite 900, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellants

MARK J. BAMBERGER, Atty. Reg. #0082053, 8 South Third Street, Tipp City, Ohio 45371
      Attorney for Defendant-Appellees

. . . . . . . . . . . . .

HALL, J.

{¶ 1}   Tamara Swartz appeals from the trial court's judgment entry overruling her motion for sanctions against appellees David and Tracy Hendrix based on their filing of allegedly frivolous counterclaims.

{¶ 2}   In her sole assignment of error, Swartz contends the trial court erred in failing to grant sanctions under either Civ.R. 11 or R.C. 2323.51.

{¶ 3}   The record reflects that Swartz's minor son, Andrew, was bitten by a pit bull owned by the Hendrixes.[1] The incident occurred as he was walking through an alley adjacent to the Hendrixes' back yard. The parties disputed whether Andrew had entered onto the Hendrixes' property and whether he had taunted the dog. In any event, Swartz filed the present action individually and on behalf of her son. The complaint included claims for strict liability, negligence, loss of consortium, and punitive damages. The Hendrixes responded by filing an answer and counterclaims for trespass, trespass to chattel, invasion of privacy, negligence, and negligent or intentional infliction of emotional distress.

{¶ 4}   Swartz subsequently moved under Civ.R. 12(B)(6) for dismissal of all counterclaims except the one alleging trespass. The trial court overruled the motion. Swartz then moved   for summary judgment on her complaint and on all of the counterclaims. Again, the trial court overruled the motion. In its May 28, 2010 ruling, the trial court reasoned: "The Court finds that genuine issues of material fact exist such that summary judgment cannot be granted. Specifically, there are questions about whether the child provoked the incident (i.e.,

---

[1] The only evidence about Andrew's specific age came from David Hendrix, who stated in his deposition that the boy was about eleven or twelve years old. (Hendrix depo. at 25).

the proximate cause of the biting), and the scope of any permitted entrance onto the property."

{¶ 5} On June 2, 2010, five days after the trial court's summary judgment ruling, Swartz filed a "supplemental memorandum and additional authority" in support of her motion. This filing included references to David Hendrix's deposition. On June 3, 2010, the trial court sustained, in part, the summary judgment motion that it had overruled six days earlier. The trial court sustained the motion insofar as it pertained to the Hendrixes' counterclaims. The trial court overruled the motion, however, with regard to Swartz's entitlement to summary judgment on her complaint. In support, the trial court reasoned:

{¶ 6} "Here, the Hendrix' [sic] have failed to provide any factual evidence to substantiate their counter-claims. * * * When a motion for summary judgment is filed, a non-moving party cannot merely rest on their allegations. * * * In the absence of any factual allegations to the contrary which would raise a genuine issue of material fact, the Court finds that the Plaintiffs' motion for summary judgment on the counter-claims should be granted.

{¶ 7} "However, the Court declines to grant summary judgment on the Plaintiffs' complaint. Doing so would not resolve all issues. Further, if the case proceeds to trial, evidence of the operative facts would still be needed by Plaintiffs to determine the remaining issues. Also, there is concern about whether there was any provocation or comparative negligence involved. Therefore, summary judgment on the complaint will not be granted." (Doc. #41 at 3).

{¶ 8} On July 7, 2010, the Hendrixes withdrew their answer "for reasons discussed between the opposing counsel and Honorable Jonathan Hei[n] in his chambers on June 28, 2010." The matter proceeded to a bench trial on August 10, 2010. Although we have not been

provided with a trial transcript, the trial court's judgment entry reflects that the Hendrixes did not appear and were not represented by counsel. Based on the testimony presented, the trial court found the Hendrixes responsible for the dog bite and awarded Swartz damages of $88,302.21 plus interest.

{¶ 9}    Following the trial court's ruling, Swartz moved for sanctions under Civ.R. 11 and R.C. 2323.51 based on the filing of the Hendrixes' counterclaims. The trial court denied the motion in a brief September 16, 2010 judgment entry. (Doc. #56). This timely appeal followed.

{¶ 10} As set forth above, Swartz contends the trial court erred in denying her sanctions motion. She argues that the Hendrixes' counterclaims lacked any evidentiary support and were not cognizable under Ohio law. She further asserts that the counterclaims were filed to deter her from pursuing her legitimate claims. For these reasons, Swartz argues that sanctions were warranted under Civ.R. 11 and R.C. 2323.51. For their part, the Hendrixes and their trial counsel have not filed a brief.

{¶ 11} We begin our analysis with Civ.R. 11, which provides that an attorney's signature on a pleading "constitutes a certificate by the attorney * * * that the attorney * * * has read the document; that to the best of the attorney's * * * knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." We note that "Civ.R. 11 employs a subjective bad-faith standard to invoke sanctions by requiring that any violation must be willful." *State ex rel. Dreamer v. Mason*, 115 Ohio St.3d 190, 2007-Ohio-4789, ¶19. A trial court's ruling on a Civ.R. 11 motion for sanctions is reviewed for an abuse of discretion. Id. at ¶18. "An abuse of discretion occurs when a decision is

unreasonable, arbitrary, or unconscionable." Id.

{¶ 12} Upon review, we do not find that the trial court acted unreasonably, arbitrarily, or unconscionably when it declined to impose Civ.R. 11 sanctions on the Hendrixes' counsel. Although some of the counterclaims were questionable and ultimately failed, we note that the answer of the defendant was eventually withdrawn "for reasons discussed between opposing counsel and Honorable Jonathan Hei[n]...." The trial then proceeded to be heard by the court, in the absence of any defense, after plaintiffs' jury waiver. The Supreme Court has described the bad faith requirement of Civ.R. 11 as "not simply bad judgment * * * [but a] conscious doing of wrong * * * 'with actual intent to mislead or deceive another.' " *State ex rel. Bardwell v. Cuyahoga Cty. Bd. of Commrs.*, 127 Ohio St.3d 202, 2010–Ohio–5073, at ¶ 8, quoting *Slater v. Motorists Mut. Ins. Co.* (1962), 174 Ohio St. 148, 151.

{¶ 13} Swartz suggests that a willful violation exists in part because her attorney sent the Hendrixes' counsel a letter warning him to dismiss the "frivolous" counterclaims. She also criticizes the Hendrixes' counsel for refusing to dismiss the counterclaims and "implying that he would teach a young attorney a thing or two." Swartz additionally supports her bad-faith argument by pointing out certain concessions David Hendrix made during his deposition that undermined the counterclaims. Finally, Swartz contends David Hendrix admitted the counterclaims were filed in retaliation for Swartz's lawsuit.

{¶ 14} We are unpersuaded by the foregoing arguments. The "warning" letter upon which Swartz relies was written by her attorney, Douglas Brannon, to the Hendrixes' counsel, Mark Bamberger. It reads in full:

{¶ 15} "I am in receipt of your clients, David and Tracy Hednrix, answer and

counterclaim which has made multiple frivolous claims against my clients. Given your bar admission number, I would surmise that you have not been practicing very long and/or have not had much experience in the area of civil litigation. As such, I am requesting that you immediately withdraw your frivolous counterclaims within the next seven (7) days. Otherwise, I will be forced to respond to the frivolous claims and will move for sanctions against you for filing the same."

{¶ 16} We are unpersuaded that counsel violated Civ.R. 11 because he did not dismiss the counterclaims after receiving the foregoing letter. The counterclaims assert that  the injured party had been trespassing on the defendant's property, and had been teasing, tormenting or abusing the dog.  These allegations would be defenses to the plaintiffs' claim, R.C. 955.28, regardless of whether couched in terms of a defense or an independent counterclaim.  Moreover, plaintiffs' counsel's letter made no attempt to explain *why* the counterclaims lacked merit. Instead, it summarily characterized the counterclaims as "frivolous," and threatened sanctions. Mr. Bamberger's subsequent response about being "10-20 years" older than Mr. Brannon was a direct reply to the tone and tenor of the letter he had received suggesting a presumed lack of experience. As for the statements David Hendrix made during his deposition, they were not dispositive. An inability of a lay person  to articulate those grounds during a deposition does not establish that the claims were made in bad faith. Although David Hendrix did admit during his deposition that *one of the reasons* he and his wife had filed their counterclaims was because Swartz had filed her lawsuit against them, he also explained that he filed the counterclaims because Swartz's son had trespassed on his property and taunted his dog.  On this record we cannot say that the trial court abused its

discretion by failing to find that Hendrixes' counsel filed the counterclaims in willful violation of Civ.R. 11.

{¶ 17} We are equally unpersuaded by Swartz's reliance on R.C. 2323.51(B)(1), which provides that a court may make an award to a party adversely affected by frivolous conduct. R.C. 2323.51(A)(2)(a) defines "frivolous conduct" as "conduct of a party or that party's counsel" that:

{¶ 18} "(i) * * * obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation[;]

{¶ 19} "(ii) * * * is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law[;]

{¶ 20} "(iii) * * * consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[; or]

{¶ 21} "(iv) * * * consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief."

{¶ 22} "Whether particular conduct is frivolous may be either a factual or a legal determination. * * * A trial court's factual finding that a party's conduct was [or was not] frivolous will not be disturbed where the record contains competent, credible evidence to support the court's determination. * * * In contrast, whether a pleading is warranted under

existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, which is reviewed de novo." *Foland v. Englewood*, Montgomery App. No. 22940, 2010-Ohio-1905, ¶32 (citations omitted).

**{¶ 23}** In the present case, the trial court did not abuse its discretion in declining to find frivolous conduct under R.C. 2323.51(A)(2)(a)(i), (iii), or (iv). The record supports a finding that the counterclaims did not obviously serve merely to harass, maliciously injure, or achieve another improper purpose. The trespassing and taunting issues are valid defenses to liability for the dog bite and those factual issues were therefore appropriate to raise. Nor is it apparent that the Hendrixes' factual allegations about Swartz's son trespassing and taunting their dog had no evidentiary support. David Hendrix did testify in deposition that the Swartz boy was on his property without specific permission and that conversation with the boy's father revealed this wasn't the first time dealing with the boy and dogs. Swartz has not filed a trial transcript. The trial court reasonably could have concluded that the Hendrixes made no unwarranted denials or factual contentions.

**{¶ 24}** A closer question is whether, under R.C. 2323.51(A)(2)(a)(ii), the counterclaims were not warranted under existing law, could not be supported by a good faith argument for an extension, modification, or reversal of existing law, and could not be supported by a good faith argument for the establishment of new law. As set forth above, we review this issue de novo. *Foland*, at ¶32. Applying that non-deferential standard, we find no error in the trial court's refusal to impose sanctions.

**{¶ 25}** The facts alleged to support the counterclaim for trespass plainly were not frivolous. The Hendrixes argued that Swartz's son had trespassed on their property and had

provoked their dog to bite. No evidence in the record before us disproves these allegations or suggests that the Hendrixes knew the allegations were untrue when made. As the record developed, it appears that Swartz's son perhaps had implicit permission to enter the Hendrixes' property to play with their children. But, nothing before us indicates that he was playing with the children when the bite occurred. The record also reflects that Swartz's son was approximately eleven or twelve years old when the Hendrixes' dog bit him. Swartz cited no authority establishing that a child of this age cannot be held responsible for provoking a dog. The other assertions in the defendants' counterclaim are marginal but there is no indication that they were actually pursued or argued.

{¶ 26} Based on the reasoning set forth above, we find no error in the trial court's denial of Swartz's motion for sanctions under Civ.R. 11 and R.C. 2323.51. Her assignment of error is overruled, and the judgment of the Darke County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.


Copies mailed to:

Douglas D. Brannon
Mark J. Bamberger
Hon. Jonathan P. Hein