O'Connor, C.J.
*1264 {¶ 1} Plaintiff Steven A. Armatas, who is representing himself and his father's estate in the underlying civil action, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge John Haas from presiding over any further proceedings in the matter.
{¶ 2} In March 2017, Mr. Armatas filed a complaint in this court for a writ of prohibition against Judge Haas seeking relief from one of the judge's legal rulings in the underlying case. The judge, through his counsel from the Stark County prosecuting attorney's office, moved to dismiss Mr. Armatas's complaint. In addition, some of the defendants in the underlying case moved to intervene in the prohibition action and submitted other filings. Those motions remain pending before this court.
{¶ 3} In his affidavit of disqualification, Mr. Armatas claims that the assistant prosecuting attorney representing Judge Haas in the prohibition action "colluded and cooperated" with counsel for the defendants who moved to intervene in the prohibition action. As a result of the alleged collusion, Mr. Armatas asserts, those defendants' attorneys essentially became Judge Haas's "personal de facto legal counsel" in the prohibition action. And because of that relationship, Mr. Armatas asserts, Judge Haas must be removed from the underlying matter to avoid any appearance of impropriety.
{¶ 4} Judge Haas has responded in writing to the affidavit, asserting that there is no basis for his disqualification.
{¶ 5} That some of the defendants in the underlying civil action attempted to intervene in Mr. Armatas's prohibition action and presented legal arguments supporting the judge's position did not transform those defendants' attorneys into de facto counsel for Judge Haas. Nor do those facts create any appearance of impropriety for the judge in the underlying matter. See In re Disqualification of Lewis, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (explaining that an appearance of impropriety exists if "a reasonable and objective observer would harbor serious doubts about the judge's impartiality").
{¶ 6} Certainly, an appearance of impropriety could exist if Judge Haas had had improper contact with the defendants' counsel. But in his response to the affidavit of disqualification, Judge Haas expressly denies having had any inappropriate communication with the attorneys involved in this case. And Mr. Armatas alleges only that Judge Haas "acquiesce[d]" in having his counsel in the prohibition action "collude and cooperate" with defense counsel in the underlying matter.
*1265 To support the collusion allegation, Mr. Armatas states merely that an assistant prosecuting attorney told him that the prosecuting attorney's office had had advance notice of the defendants' filings in the prohibition case. Based on this record, Mr. Armatas's collusion claim is founded on speculation, *284 making it insufficient to disqualify Judge Haas. See In re Disqualification of Flanagan , 127 Ohio St.3d 1236, 2009-Ohio-7199, 937 N.E.2d 1023, ¶ 4 ("Allegations that are based solely on hearsay, innuendo, and speculation * * * are insufficient to establish bias or prejudice").
{¶ 7} A "judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Haas.