[Cite as *Armatas v. Aultman Hosp.*, 2019-Ohio-947.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STEVEN A. ARMATAS, et al. | JUDGES:<br>Hon. William B. Hoffman, P. J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiffs-Appellants | |
| -vs- | Case No. 2018 CA 00126 |
| AULTMAN HOSPITAL, et al. | |
| Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:  Civil Appeal from the Court of Common Pleas, Cae No. 2016 CV 02801


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  March 18, 2019


APPEARANCES:

For Plaintiffs-Appellants

STEVEN A. ARMATAS
7690 Bucknell Circle, NW
North Canton, Ohio 44720

For Defendants-Appellees

RICHARD S. MILLIGAN
PAUL J. PUSATERI
MILLIGAN PUSATERI CO., LPA
4684 Douglas Circle NW, PO Box 35459
Canton, Ohio 44735-5459

*Wise, J.*

**{¶1}** Appellant Steven A. Armatas, Individually and as Personal Medicare Representative for Alexander E. Armatas and as Executor of the Estate of Alexander E. Armatas, appeals the July 26, 2018, decision of the Stark County Common Pleas Court denying their motion for sanctions without a hearing.

**{¶2}** Appellees in this matter are Aultman Hospital, Aultman Health Foundation, M. Richard Stjernholm, D.O., Ohio Physicians Professional Corporation, AultCare Insurance Company, Attorney Paul J. Pusateri, Richard S. Milligan, and Milligan Pusateri Co., L.P.A.

### STATEMENT OF THE FACTS

**{¶3}** The relevant facts and procedural history are as follows:

**{¶4}** On December 28, 2016, Plaintiff-Appellant Steven A. Armatas, Individually and as Personal Medicare Representative for Alexander E. Armatas and as Executor of the Estate of Alexander E. Armatas, filed an action in the Stark County Common Pleas Court alleging that Defendants-Appellees Aultman Hospital, Aultman Health Foundation, Ohio Physicians Professional Corporation, and six physicians and their employers had injured and caused the death of his father, Alexander Armatas, a patient at Aultman Hospital. The counts all concerned the care rendered to Appellant's decedent.

**{¶5}** On January 25, 2017, Appellant filed a 60-page, 272-paragraph, 12-count Amended Complaint, adding AultCare Insurance Company (AIC) as a Defendant. Among other things, the amended complaint added claims specific to AIC. Appellant did not include AIC in the claims for medical negligence (Count I) or wrongful death (Count II) or the claim for intentional infliction of emotional distress (Count VII). Appellant also included

many claims against Aultman Hospital and Aultman Health Foundation that were not medical claims.

{¶6}   Appellees timely answered the amended complaint and moved for an order for the release of decedent's medical records.

{¶7}   In an Order filed March 17, 2017, the trial court granted that motion, stating:

> Upon joint motion of the defendants, and for good cause shown, the Court hereby orders the release of Alexander E. Armatas' medical records, including x-rays, imaging, and radiology reports, prepared and/or maintained by the defendants in this action to all counsel of record. The release will remain subject to Civ. R. 16, which states in pertinent part: "The production by any party of medical reports or hospital records does not constitute a waiver of the privilege granted under Sec. 2317.02 of the Revised Code.

{¶8}   On March 20, 2017, Appellant filed a Complaint for Writ of Prohibition in the Supreme Court to bar enforcement of the March 17, 2017 Order, alleging it was "illegal" and in violation of the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA) Pub. L. 104-91, 110 Stat. 1936, at para. 22, 49.

{¶9}   On March 30, 2017, Appellant moved the trial court to stay proceedings "pending final determination by the Ohio Supreme Court of Plaintiff-Appellant's application for writ".

{¶10} On April 5, 2017, the trial court granted the motion for stay.

{¶11} On August 23, 2017, Appellant filed a motion with the Ohio Supreme Court to disqualify Judge Haas, alleging the judge had wrongfully colluded with Appellees'

counsel in opposing the writ petition. (No. 17-AP-088).

**{¶12}** On September 6, 2017, the Supreme Court denied the motion to disqualify. 152 Ohio St.3d 1263.

**{¶13}** On September 13, 2017, the Supreme Court dismissed Appellant's petition (2017-0hio-7567). Appellant moved for reconsideration.

**{¶14}** On October 5, 2017, while the motion for reconsideration was pending, the trial court entered a pretrial order regarding the stay, which said:

> Pending motion for reconsideration before Supreme Ct. Parties working to resolve issues related to medical records. Stay remains in effect pending S.Ct. ruling or resolution.

**{¶15}** On December 6, 2017, the Supreme Court denied Appellant's motion for reconsideration. (2017-Ohio-8842).

**{¶16}** On December 27, 2017, Appellant filed a second motion to disqualify Judge Haas on similar grounds. (No. 17-AP-134).

**{¶17}** On January 3, 2018, the Supreme Court again denied the motion to disqualify.

**{¶18}** On Jan. 31, 2018, Appellant filed a motion to "lift the stay of proceedings for the sole purpose of compelling defendants to negotiate medical records release authorization in good faith."

**{¶19}** Appellees opposed the motion, arguing there was no stay.

**{¶20}** On February 9, 2018, Appellant moved for an oral hearing on his motion.

**{¶21}** On February 20, 2018, prior to any ruling on his motion, Appellant filed a notice of dismissal under Civ.R. 41(A).

**{¶22}** On March 22, 2018, Appellant filed a motion for sanctions against Aultman Hospital, Aultman Health Foundation, AultCare Insurance Company, Attorney Richard Milligan, Attorney Paul Pusateri, and the law firm Milligan Pusateri Co., LP A.

**{¶23}** On April 3, 2018, Appellees filed a brief opposing the motion.

**{¶24}** On July 26, 2018, the trial court entered an order denying the motion for sanctions without a hearing.

**{¶25}** On July 31, 2018, Appellant filed a motion for "findings of fact and conclusions of law" as to the order denying his motion for sanctions.

**{¶26}** On August 2, 2018, Appellees filed a brief opposing the motion, noting law from this Court holding "[t]here is no authority in Ohio for extending Civ.R. 52 to apply to R.C. 2323.51 motions, and a trial court is not required to issue findings of fact and conclusions of law with its denial of a motion for sanctions for frivolous conduct." *Marsh v. Deems,* 5th Dist. Richland No. 07CA91, 2006-Ohio-3430, at ¶19.

**{¶27}** On August 23, 2018, Appellant withdrew his motion for findings of fact and conclusions of law.

**{¶28}** Appellant now appeals, raising the following sole error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶29}** "I. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S MOTION FOR SANCTIONS UNDER CIV.R. 11 AND R.C. 2323.51 WITHOUT A HEARING, WHERE APPELLEES' LEGAL COUNSEL IMPROPERLY OBTAINED THE MEDICAL RECORDS OF PLAINTIFF'S DECEDENT, OBJECTED TO PRIVACY PROVISIONS WHICH THEIR CLIENTS HAD PREVIOUSLY AGREED TO, FRIVOLOUSLY INTERFERED WITH PLAINTIFF'S MEDIATION, PRETENDED TO BE THREE DIFFERENT SETS OF

LAWYERS, IGNORED THE TRIAL COURT'S INSTRUCTIONS TO ENGAGE IN GOOD-FAITH NEGOTIATIONS, SECRETLY COLLUDED WITH LEGAL COUNSEL FOR THE TRIAL COURT TO HAVE PLAINTIFF'S PERSONAL WRIT AGAINST JUDGE HAAS DISMISSED, AND ATTEMPTED TO HAVE PLAINTIFF'S COUNSEL REMOVED FROM THE CASE ON FRAUDULENT GROUNDS."

**I.**

**{¶30}** In the sole assignment of error, Appellants argue the trial court erred in denying their motion for sanctions without a hearing. We disagree.

**{¶31}** Appellant herein moved the trial court for sanctions pursuant to R.C. §2323.51 and Civ.R. 11.

**{¶32}** Under R.C. §2323.51, which authorizes an award of attorney fees as a sanction for frivolous conduct, states in pertinent part:

(2) "Frivolous conduct" means conduct of a party to a civil action or of his counsel of record that satisfied either of the following:

(a) It obviously serves merely to harass or maliciously injure another party to the civil action;

(b) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

**{¶33}** Pursuant to Civ.R. 11:

… the signature of an attorney ... constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief, there

is not good ground to support it; and that it is not interposed for delay ... For a willful violation of this rule, an attorney ... upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award of the opposing party's expenses and reasonable attorney fees incurred in bringing any motion under this rule.

{¶34} An evidentiary hearing is required "only on those motions which demonstrate arguable merit, and that a motion for sanctions may be denied without hearing when the trial court determines that there is no basis for imposition of sanctions." *Sheridan v. Harbison,* 101 Ohio App.3d 206, 655 N.E.2d 256 (1995).

{¶35} As explained by this Court in *Miller v. Evans,* 5th Dist. Stark No. 2015CA00042, 2015–Ohio–4571, ¶18:

It has been uniformly held that a hearing on a motion for sanctions under R.C. 2323.51(B)(2) is only required when the trial court grants the motion. *Galena v. Delaware Cty. Regional Planning Comm.,* 5th Dist. Delaware No.2011–CAE–07–0068, 2012–Ohio–182, ¶ 28 (Delaney, J. dissenting), citing *Shields v. City of Englewood,* 172 Ohio App.3d 620, 2007–Ohio–3165, 876 N.E.2d 972 (2nd Dist.); *McKinney v. Aultman Hosp.,* 5th Dist. Stark No. CA–8603, unreported, 1992 WL 100451 (Apr. 27, 1992); *McPhillips v. United States Tennis Assoc. Midwest,* 11th Dist. Lake No. 2006–L–235, 2007–Ohio–3595; *Avon Poured Wall, Inc. v. Boarman,* 9th Dist. Lorain No. 04CA008448, 2004–Ohio–4588; *Coretext Ltd. v. Pride Media Ltd.,* 10th Dist. Franklin No. 02AP–1284, 2003–Ohio–5760. A trial court must schedule a hearing only on those motions which demonstrate

arguable merit; if the trial court determines there is no basis for the imposition of sanctions, it may deny the motion without hearing. *Id.* at ¶ 12. Such a determination is subject to the sound discretion of the trial court. *Id.* at ¶ 15.

**{¶36}** In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶37}** Here, the issues raised by Appellant concern rulings on interlocutory orders in a case which was ultimately dismissed by Appellant. The trial court ruled in favor of Appellees on these interlocutory issues. The trial court therefore did not find these issues or this conduct to be frivolous. We further find that any delays which occurred in this case were the result of the actions by Appellant in filing multiple motions for disqualification of the trial court judge, as well as a writ of prohibition with the Ohio Supreme Court.

**{¶38}** With regard to the issue of collusion, we find that this issue was the subject of the motions to disqualify the trial court judge and was denied by the Ohio Supreme Court.

**{¶39}** In this case, the trial court had the benefit of presiding over the entire case during the fifteen (15) months the case was active and was familiar with the issues involved. The trial court found Appellant's motion did not demonstrate arguable merit requiring the trial court to schedule a hearing.

{¶40} Upon review, we find the trial court did not abuse its discretion in denying Appellant's motion for sanctions without a hearing.

{¶41} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/d 0227