[Cite as *Spitzer v. Knapp*, 2020-Ohio-399.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JOEL M. SPITZER

    Plaintiff-Appellee

-vs-

LISA KNAPP, et al.,

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J
Hon. William B. Hoffman, J.
Hon. Patricia A. Delaney, J.

Case No. 19 CAE 08 0047


O P I N IO N



| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Delaware County Court of Common Pleas, Case No. 2017-CVH-09-0571 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | February 6, 2020 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| LUTHER L. LIGGETT, JR.<br>Graff and McGovern, LPA<br>604 E. Rich Street<br>Columbus, Ohio 43215 | GARY A. REEVE<br>Law Offices of Gary A. Reeve<br>5354 Cemetery Road<br>Hilliard, Ohio 43026 |

*Hoffman, J.*

**{¶1}** Defendant-appellant Lisa F. Knapp appeals the July 17, 2019 Decision entered by the Delaware County Court of Common Pleas, which denied her Motion for Frivolous Conduct Pursuant to R.C. 2323.51.  Plaintiff-appellee is Joel M. Spitzer.

STATEMENT OF THE CASE[1]

**{¶2}** On September 20, 2017, Appellee filed a complaint against Appellant, Todd Daviso, and Susan Tobias for defamation, civil conspiracy, invasion of privacy, libel, intimidation, intentional infliction of emotional distress, and for equitable relief. The trial court granted Susan Tobias' motion to dismiss on December 11, 2017. Appellee dismissed Todd Daviso on January 30, 2018. The complaint alleged, at all relevant times, Appellee served as elected Fiscal Officer of Orange Township in Delaware, Ohio, and Appellant served as an elected trustee of Orange Township in Delaware, Ohio.

**{¶3}** Appellee filed an amended complaint against Appellant only on March 5, 2018. The amended complaint contained claims for defamation, tortious interference with contract, and intentional infliction of emotional distress. On March 19, 2018, Appellant filed a motion to dismiss the amended complaint pursuant to Civil Rule 12(B)(6). Appellee filed a memo contra to Appellant's motion to dismiss and Appellee filed a reply brief. Via Decision filed April 30, 2018, the trial court denied, in part, and granted, in part, Appellant's motion.  Appellant subsequently filed an answer to the amended complaint on May 17, 2018.

**{¶4}** On August 24, 2018, Appellant filed a motion for summary judgment, which the trial court granted on December 20, 2018.  Via Journal Entry filed January 3, 2019,

---

[1] A statement of the facts is unnecessary for our disposition of this appeal.

the trial court declared its December 20, 2018 decision granting summary judgment a final appealable order. Appellee appealed the trial court's decision to this Court. This Court affirmed. *Spitzer v. Knapp*, 5th Dist. Delaware No. 19 CAE 01 0006, 2019 -Ohio- 2770 ("*Spitzer I*").

{¶5} On January 18, 2109, Appellant filed a motion for frivolous conduct pursuant to R.C. 2323.51, seeking an award of $29,553.14, the amount she expended in defending the lawsuit. Appellant argued Appellee "and his counsel engaged in frivolous, sanctionable conduct throughout the prosecution of this lawsuit", commencing on September 20, 2017, with the filing of a 96 paragraph, 100 page complaint. Appellee filed a memorandum contra on January 30, 2019, to which Appellant filed a reply.

{¶6} Via Decision filed July 17, 2019, the trial court denied Appellant's motion. The trial court found, after reviewing its December 20, 2018 Decision granting Appellant's motion for summary judgment as well as this Court's Opinion in *Spitzer I*, supra, affirming that decision, Appellant "failed to prove that [Appellee's] lawsuit was 'wholly frivolous' pursuant to R.C. 2323.51(B)(1)." July 17, 2019 Decision at 2.

{¶7} It is from this decision Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT USED AN INCORRECT LEGAL STANDARD IN RULING AGAINST DEFENDANT-APPELLANT LISA F. KNAPP'S ("KNAPP") MOTION FOR FRIVOLOUS CONDUCT AGAINST PLAINTIFF-APPELLEE JOEL M. SPITZER, AND UNDER THE PROPER STANDARD

KNAPP WOULD HAVE POTENTIALLY RECOVERED AFTER A HEARING

ON THE MERITS.

II. THE TRIAL COURT ABUSED ITS DISCRETION GENERALLY IN

RULING AGAINST DEFENDANT-APPELLANT LISA F. KNAPP'S

("KNAPP") MOTION FOR FRIVOLOUS CONDUCT AGAINST PLAINTIFF-

APPELLEE JOEL M. SPITZER AND NOT HOLDING AN EVIDENTIARY

HEARING ON THE MOTION.


I.

**{¶8}** In her first assignment of error, Appellant asserts the trial court applied the wrong legal standard in addressing her motion for frivolous conduct.

**{¶9}** Pursuant to R.C. 2323.51(B)(1), "at any time not more than thirty days after the entry of final judgment in a civil action * * *, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with a civil action * * *." The award may be made "against a party, the party's counsel of record, or both." R.C. 2323.51(B)(4).

**{¶10}** "Conduct" includes "[t]he filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, the filing of a pleading, motion, or other paper in a civil action, * * * or the taking of any other action in connection with a civil action[.]" R.C. 2323.51(A)(1)(a).

**{¶11}** "Frivolous conduct" is defined as conduct of a party to a civil action which satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

R.C. 2323.51(A)(2)(a)(i) through (iv).


{¶12} "Frivolous conduct is not proved merely by winning a legal battle or by proving that a party's factual assertions were incorrect." *Harris v. Rossi,* 11th Dist. Trumbull No. 2016-T-0014, 2016-Ohio-7163, ¶ 18. "A party is not frivolous merely because a claim is not well-grounded in fact. * * * [R.C. 2323.51] was designed to chill egregious, overzealous, unjustifiable, and frivolous action. * * * [A] claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim."

*Ohio Power Co. v. Ogle,* 4th Dist. Hocking No. 12CA14, 2013–Ohio–1745, ¶ 29–30 (Citation omitted).

{¶13} R.C. 2323.51 uses an objective standard in determining whether sanctions may be imposed for frivolous conduct. *Kester v. Rogers,* 11th Dist. Lake Nos. 93–L–056 and 93–L–072, *10 (May 6, 1994). Thus, a finding of frivolous conduct under R.C. 2323.51 is decided without inquiry as to what the individual knew or believed, and instead asks whether a reasonable lawyer would have brought the action in light of existing law. *Omerza v. Bryant & Stratton,* 11th Dist. Lake No. 2006–L–147, 2007–Ohio–5216, ¶ 15 (Citation omitted).

{¶14} "Whether particular conduct is frivolous may be either a factual or a legal determination. * * * A trial court's factual finding that a party's conduct was [or was not] frivolous will not be disturbed where the record contains competent, credible evidence to support the court's determination. * * * In contrast, whether a pleading is warranted under existing law or can be supported by a good-faith argument for an extension, modification, or reversal of existing law is a question of law, which is reviewed de novo." *Swartz v. Hendrix,* 2d Dist. Darke No. 2010-CA-18, 2011-Ohio-3422, ¶ 22, citing *Foland v. Englewood*, 2d Dist. Montgomery No. 22940, 2010-Ohio-1905, ¶ 32.

{¶15} Although the trial court concluded Appellant failed to prove Appellee's lawsuit was "wholly frivolous", we disagree with Appellant's assertion the trial court applied the wrong legal standard in reaching its decision. The trial court set forth the correct statutory definition of "frivolous conduct" provided in R.C. 2323.51(A)(2). The trial court also indicated it had reviewed this Court's 24 page Opinion in *Spitzer I*, supra, as well as its own prior decision. By noting the length of the *Spitzer I* decision, the trial court

suggests Appellee's lawsuit had some merit. We find the trial court's use of the term "wholly frivolous" appears to be a colloquial, rather than a technical, reference. Accordingly, we find no error in the standard applied by the trial court in its decision to deny Appellant's motion for frivolous conduct.

**{¶16}** Appellant's first assignment of error is overruled.

II.

**{¶17}** In her second assignment of error, Appellant contends the trial court abused its discretion in failing to conduct a hearing on her motion. We disagree.

**{¶18}** In order to award sanctions, R.C. 2323.51(B)(2)(a) requires a trial court to set a date for a hearing to determine whether the conduct was frivolous and whether the frivolous conduct adversely affected a party to the action. The trial court must provide notice of the hearing to each party or counsel of record who allegedly engaged in the frivolous conduct and to any party who was allegedly adversely affected by the frivolous conduct. R.C. 2323.51(B)(2)(b). The trial court must then conduct a hearing at which the court "allows the parties and counsel of record involved to present any relevant evidence, including evidence of reasonable attorney's fees. R.C. 2323.51(B)(2)(c) and 2323.51(B)(5)(a). See, *Hunt v. Allen,* 5th Dist. No. 11–CA70, 2012–Ohio–1212, ¶ 31.

**{¶19}** Although R.C. 2323.51 requires a trial court to conduct a hearing before awarding attorney fees, a hearing is not required when the court determines, upon consideration of the motion and in its discretion, the motion lacks merit. *Armatas v. Aultman Hosp.,* Stark App. No. 2018 CA 00126, 2019 -Ohio- 947; *Galena v. Delaware Cty. Regional Planning Comm.,* 5th Dist. Delaware No. 2011–CAE–07–0068, 2012–Ohio–182, ¶ 28 (Delaney, J. dissenting), citing *Shields v. City of Englewood,* 172 Ohio

App.3d 620, 2007–Ohio–3165, 876 N.E.2d 972 (2nd Dist.); *McKinney v. Aultman Hosp.* (Apr. 27, 1992), Stark App. No. CA 8603, 1992 WL 100451.

{¶20} To reiterate, a trial court must schedule a hearing *only* on those motions which demonstrate arguable merit. If the trial court determines there is no basis for the imposition of sanctions, it may deny the motion without hearing. *Galena*, supra at ¶ 12. Such a determination is subject to the sound discretion of the trial court. *Id.* at ¶ 15.

{¶21} Because the trial court determined there was no basis for the imposition of sanctions against Appellee, we find no abuse of discretion in its failure to conduct a hearing.

{¶22} Appellant's second assignment of error is overruled.

{¶23} The judgment of the Delaware County Court of Appeals is affirmed.


By: Hoffman, P.J.

W. Scott Gwin, P.J. and

Delaney, J. concur